IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MT. VERNON FIRE INSURANCE COMPANY,

    Plaintiff,

v.                                Civil Action No. 5:11CV92
                                        (STAMP)

SHERRILL ROGER DOBBS,
ENOCH'S LLC, d/b/a TED'S TROPHY CLUB,
ENOCH EDWARD FISHER and JIMMY WORRLES,[1]

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.  Procedural History

On November 22, 2010, defendant Sherrill Roger Dobbs ("Dobbs") filed a complaint in the Circuit Court of Marshall County, West Virginia alleging that on December 14, 2008, while patronizing Ted's Trophy Club, he was the victim of an unprovoked attack at the hands of defendant Enoch Edward Fisher ("Fisher") and defendant Jimmy Worrles ("Worrles"), both of whom were agents of Enoch's LLC, d/b/a Ted's Trophy Club.

On June 29, 2011, the plaintiff in this action, Mt. Vernon Fire Insurance Company ("Mt. Vernon"), filed a complaint for declaratory judgment, requesting that this Court declare that it has no obligation or duty to provide any benefits, indemnification,

---

[1]In the complaint filed in the Circuit Court of Marshall County, West Virginia, defendant Jimmy Worrles' name is spelled "Worrels." This Court spells the name as it appears in the style of the complaint filed in this Court.

defense, or coverage for any of the defendants in the underlying state court action. Defendant Sherrill Roger Dobbs, through his attorney, filed an answer to the complaint on August 11, 2011.

On February 10, 2012, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Mt. Vernon filed requests for entry of default as to defendant Jimmy Worrles, defendant Enoch Edward Fisher, and defendant Enoch's LLC, d/b/a Ted's Trophy Club. Despite having been served with the summons and the complaint, these three defendants failed to plead or otherwise defend. Therefore, this Court directed the Clerk to enter their default on March 5, 2012.

Mt. Vernon then filed a motion for summary judgment on March 29, 2012. In support of this motion, the plaintiff argues: (1) it has no duty to defend or indemnify the defendants from any claim involving intentional acts; (2) it has no duty to defend or indemnify the defendants with regard to any negligence claim asserted in the underlying complaint; and (3) it has no duty to indemnify the defendants with regard to any claim for punitive damages asserted in the underlying complaint. The defendants did not file a response to the plaintiff's motion for summary

judgment.[2] For the reasons set forth below, this Court finds that the plaintiff's motion for summary judgment must be granted.

## II. Facts

Ted's Trophy Club is a bar located in Moundsville, West Virginia and is owned by Enoch's LLC. Mt. Vernon issued a commercial liability insurance policy to Enoch's LLC, d/b/a Trophy Club.[3] On December 14, 2008, defendant Sherrill Roger Dobbs was a patron of Ted's Trophy Club, and while there, he purchased and consumed alcohol. On November 22, 2010, Dobbs filed a complaint in the Circuit Court of Marshall County alleging that on the subject evening, he was assaulted by Enoch Edward Fisher and Jimmy Worrles. In the underlying complaint, Dobbs alleged that Fisher and Worrles, both of whom were agents of Enoch's LLC, d/b/a Ted's Trophy Club, hit, punched, and kicked him, causing him to sustain various injuries. (Compl. ¶¶ 37-38.) Dobbs also asserted that Enoch's LLC failed to provide a reasonably safe environment for him as a business invitee. Mt. Vernon is currently providing a defense to Enoch's LLC, d/b/a Trophy Club in the state court matter filed by

---

[2]This Court notes that the defendants' failure to respond to the motion for summary judgment "does not fulfill the burdens imposed on moving parties by Rule 56 . . . . Although the failure of a party to respond to a summary judgment motion may leave uncontroverted those facts established by the motion, the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993).

[3]Policy No. CL2327648A.

3

Sherrill Roger Dobbs pursuant to a full reservation of rights. Jimmy Worrles is not an insured under the subject policy.

### III. Applicable Law

Under Rule 56(c) of the Federal Rules of Civil Procedure,

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718-19 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). However, as the United States Supreme Court noted in Anderson, "Rule 56(e) itself provides that a party opposing a properly supported motion for summary judgment may not rest upon the mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." Id. at 256. "The inquiry

performed is the threshold inquiry of determining whether there is the need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979)(stating that summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law." (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950))).

In Celotex, the Court stated that "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## IV. Discussion

In its motion for summary judgment, Mt. Vernon first argues that it has no duty to defend or indemnify the defendants in connection with any claim resulting from the defendants' intentional acts. The insurance policy in this case, according to the plaintiff, clearly provides that the coverage applies to bodily injury and property damage only if, "[t]he 'bodily injury' or 'property damage' is caused by an 'occurrence' that takes place in the 'coverage territory.'" (Compl. Ex. A at 1.) The policy defines "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (Compl. Ex. A at 14.) In the state court action, Dobbs alleged that his injuries were the proximate result of being hit, kicked, and punched by Fisher and Worrles -- acts that Mt. Vernon contends were intentional, not accidental. (Dobbs' Answer ¶¶ 36-37.) Additionally, Mt. Vernon argues that the insurance policy contains a specific exclusion for assault and battery and that the alleged attack on Dobbs fits squarely within the definition of "battery." (Compl. Ex. A, Assault or Battery Exclusion.) Mt. Vernon also highlights the fact that the insurance policy excludes injuries resulting from "the failure to protect any person while that person was in the care, custody or control of the insured." (Compl. Ex. A, Assault or Battery Exclusion.) This language, argues the plaintiff, precludes any injuries alleged to

have occurred as a result of Enoch's LLC's failure to provide a reasonably safe environment.

This Court agrees that based upon the language of the insurance policy itself, Mt. Vernon has no duty to defend or indemnify the defendants and that Mt. Vernon is entitled to judgment as a matter of law. As the plaintiff noted, this case is strikingly similar to Evanston Ins. Co. v. Radcliff, No. 5:05-0230, 2006 WL 328147 (S.D. W. Va. Feb. 10, 2006). Evanston also involved a complaint for declaratory judgment regarding an insurance company's duty to defend and/or indemnify a bar and its agents in an underlying personal injury case. Id. at *1. In Evanston, the underlying complaint alleged that an agent of a Veterans of Foreign Wars ("VFW") Post forcefully removed the plaintiff from the premises and proximately caused her to incur a broken shoulder and other injuries. Id.

The Evanston court first addressed the insurance policy's coverage for assault and battery. The court looked to the language of the insurance policy, which covered bodily injury caused by an "occurrence." Id. at *2. Referring to the policy, the court defined "occurrence" as an accident, and defined an accident as "unusual, or unexpected events." Id. (citing West Virginia Fire & Cas. Co. v. Stanley, 602 S.E.2d 483, 492 (W. Va. 2004)). The court then held that "[a]ssault and battery both involve an intentional act. Because assault and battery are both intentional

7

acts by definition, the policy does not cover bodily injury resulting from them." Id. at *3. After noting the policy's specific exclusion for intentional acts, the court concluded that "even if bodily injury resulting from an assault or battery constituted an 'occurrence' triggering coverage under the policy, it would be precluded by the policy's exclusions." Id. at *3. Like the insurance policy in Evanston, the policy in this case clearly provides that the coverage applies to bodily injury and property damage only if it is caused by an occurrence, which is to say an accident. Clearly, the alleged assault upon Dobbs cannot be construed as an accident, and even if it could, the policy specifically excludes any claim based on assault or battery.[4]

Next, Mt. Vernon argues that is has no duty to defend or indemnify the defendants with regard to any negligence claim asserted in the underlying complaint. Mt. Vernon asserts that the insurance policy excludes from coverage any injury which may result from the type of negligence described in Dobbs' complaint. According to Mt. Vernon, even if the defendants did negligently hit, punch, and kick Dobbs, these actions would still fall within

---

[4]The policy states that the insurance does not apply to: "Any claim, demand or 'suit' based on 'assault' or 'battery', or out of any act or omission in connection with the prevention of suppression of any 'assault' or 'battery', including the use of reasonable force to protect persons or property, whether caused by or at the instigation or direction of an insured, its 'employees', agents, officers or directors, patrons or any other person." (Compl. Ex. A, Assault or Battery Exclusion.)

8

the policy's definition of battery and would be excluded from coverage. With regard to Dobbs' assertion that Enoch's LLC failed to provide a reasonably safe environment, Mt. Vernon argues that it is not required to provide a defense and indemnification because the language of the policy excludes coverage for any injury resulting from Enoch's LLC's "failure to protect any person," and therefore, there is no coverage for injuries resulting from an alleged failure to provide a safe environment. (Compl. Ex. A, Assault or Battery Exclusion.)

This Court agrees that Dobbs cannot mischaracterize intentional acts as negligence claims in order to avoid the exclusions contained within the insurance policy. Evanston, 2006 WL 328147, at *3 ("Under West Virginia law, a plaintiff cannot bypass the intentional act exclusion by including negligence-type allegations when the complaint essentially alleges intentional conduct.") (citing Smith v. Animal Urgent Care, Inc., 542 S.E.2d 827, 834 (W. Va. 2000)). Dobbs alleged that Fisher and Worrles "negligently, willfully, wantonly and recklessly engaged in an altercation" with him. (Marshall County Compl. ¶ 6.) Although the word "negligently" is present, the complaint describes an intentional assault. Similarly, Dobbs' "failure to provide a reasonably safe environment" claim is solely based on allegations that employees of Enoch's LLC punched, hit, and kicked him. Accordingly, this Court finds that the negligence claims presented

actually describe intentional behavior and are thereby precluded from coverage under the policy.  Thus, Mt. Vernon has no duty to defend or indemnify the defendants.

Lastly, Mt. Vernon asserts that it has no duty to indemnify the defendants with regard to any claim for punitive damages asserted in the underlying complaint.  The policy specifically states:

> Regardless of any other provision of this policy, this policy does not apply to punitive or exemplary damages.
>
> If a suit is brought against any insured, and falls within the coverage provided by the policy, seeking both compensatory damages (damages for economic loss and pain and suffering) and punitive or exemplary damages (damages as a means of punishment), no coverage shall be provided by this policy for any costs, interest, defense costs or damages attributable to punitive or exemplary damages.

(Compl. Ex. A Punitive or Exemplary Damages Exclusion.)  Based upon the language of the policy, this Court finds that Mt. Vernon has no obligation or duty to reimburse the defendants for any judgment of punitive damages which may be rendered against them in the underlying case.

### V. Conclusion

For the reasons stated above, the plaintiff's motion for summary judgment (ECF No. 22) is GRANTED.  This Court declares that Mt. Vernon Fire Insurance Company has no obligation or duty to provide any benefits, indemnification, defense or coverage pursuant to Policy No. CL2327648A for any of the defendants herein, generally and specifically for any claims made by Sherrill Roger

Dobbs in the Circuit Court of Marshall County, West Virginia and for any injuries or damages arising out of the subject attack as alleged to have occurred, on, or about, the 14th day of December 2008, at the premises of Enoch's LLC, d/b/a Ted's Trophy Club.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    May 31, 2012

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE